**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| JULIE ANTIONETTE HARDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File No. |
| v. | ) | 1:15-CV-1244-ELR-JSA |
| | ) | |
| INTERCONTINENTAL HOTEL | ) | |
| BUCKHEAD ATLANTA | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant IHG MANAGEMENT (MARYLAND), LLC ("IHG"), incorrectly

identified as INTERCONTINENTAL HOTEL BUCKHEAD ATLANTA ("IHG"

or "Defendant"), by its counsel and pursuant to Rules 8 and 12 of the Federal

Rules of Civil Procedure, hereby answers Plaintiff's *Pro Se* Employment

Discrimination Complaint Form ("Plaintiff's Complaint") as follows:

**Claims and Jurisdiction**

**PARAGRAPH NO. 1:**

This employment discrimination lawsuit is brought under (check only those that
apply):

____✓____    Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e <u>et
seq.</u>, for employment discrimination on the basis of race, color, religion, sex,
or national origin, or retaliation for exercising rights under this statute.

**NOTE**:  To sue under Title VII, you generally must have received a notice of right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC").

_____   Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq., for employment discrimination against persons age 40 and over, or retaliation for exercising rights under this statute.

**NOTE:**  To sue under the Age Discrimination in Employment Act, you generally must first file a charge of discrimination with the EEOC.

_____   Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq., for employment discrimination on the basis of disability, or retaliation for exercising rights under this statute.

**NOTE:**  To sue under the Americans With Disabilities Act, you generally must have received a notice of right-to-sue letter from the EEOC.

_____   Other (describe) _____

_____

_____

**ANSWER:**

Defendant admits that Plaintiff purports to bring this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq*. ("Title VII"), but denies that Defendant was Plaintiff's employer under Title VII, that Defendant violated Title VII, or that Plaintiff is entitled to any relief whatsoever.  Defendant denies the remaining allegations in Paragraph No. 1 of Plaintiff's Complaint.

- 2 -

**PARAGRAPH NO. 2:**

This Court has subject matter jurisdiction over this case under the above-listed statutes and under 28 U.S.C. §§ 1331 and 1343.

**ANSWER:**

Defendant admits that this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 as Plaintiff has asserted claims under Title VII. Defendant denies that it is Plaintiff's employer and that it violated Title VII. Defendant also denies the remaining allegations in Paragraph No. 2 of Plaintiff's Complaint.

## Parties

**PARAGRAPH NO. 3:**

Plaintiff.      Print your full name and mailing address below:

Name            Julie Antionette Hardy

Address         5390 Scofield Road

                College Park, Georgia 303049

**ANSWER:**

Upon information and belief, Defendant admits the allegations in Paragraph No. 3 of Plaintiff's Complaint.

**PARAGRAPH NO. 4:**

Defendant(s).      Print below the name and address of each defendant listed on page 1 of this form:

Name _____ Intercontinental (sic) Buchead Atlanta _____

Address _____ 3315 Peachtree Road, NE _____

_____ Atlanta, Georgia 30326 _____


Name _____ TFS Facility Staffing _____

Address _____ 4355 Cobb Parkway Suite 207 _____

_____ Atlanta, Georgia 30339 _____

**ANSWER:**

Defendant admits that the InterContinental Hotel Buckhead Atlanta is located at 3315 Peachtree Road, NE, Atlanta, Georgia 30326. Defendant denies that the Hotel was Plaintiff's employer under Title VII and that it is a proper defendant in this case. Upon information and belief, Defendant admits that Plaintiff was an employee of TFS Staffing. Defendant also denies the remaining allegations in Paragraph No. 4 of Plaintiff's Complaint.

## Location and Time

**PARAGRAPH NO. 5:**

If the alleged discriminatory conduct occurred at a location <u>different</u> from the address provided for defendant(s), state where that discrimination occurred:

_____

_____

- 4 -

**ANSWER:**

Defendant affirmatively states that Plaintiff did not check a response to Paragraph No. 5 of Plaintiff's Complaint.  Accordingly, no response is required to this paragraph.  To the extent a response is required, Defendant denies the allegations in Paragraph No. 5 of Plaintiff's Complaint.

**PARAGRAPH NO. 6:**

When did the alleged discrimination occur?  (State date or time period)

_____December 2014_____

_____about 10 days before Christmas_____

_____12/25/14_____

**ANSWER:**

Defendant denies the allegations in Paragraph No. 6 of Plaintiff's Complaint.

<u>**Administrative Procedures**</u>

**PARAGRAPH NO. 7:**

Did you file a charge of discrimination against defendant(s) with the EEOC or any other federal agency?   ____✓____ Yes   _____ No

If you checked "Yes," attach a copy of the charge to this complaint.

**ANSWER:**

Defendant admits that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").  Defendant denies that Plaintiff attached a copy of the charge to Plaintiff's Complaint.

**PARAGRAPH NO. 8:**

Have you received a Notice of Right-to-Sue letter from the EEOC?

_____✓_____ Yes          _____ No

If you checked "Yes," attach a copy of that letter to this complaint and state the date on which you received that letter:  <u>January 19, 2015</u>

**ANSWER:**

Upon information and belief, Defendant admits that Plaintiff received a Notice of Right-to-Sue letter from the EEOC.

**PARAGRAPH NO. 9:**

If you are suing for **age discrimination**, check one of the following:

_____          60 days or more have elapsed since I filed my charge of age discrimination with the EEOC

_____          Less than 60 days have passed since I filed my charge of age discrimination with the EEOC

**ANSWER:**

Defendant affirmatively states that Plaintiff did not check a response to Paragraph No. 9 of Plaintiff's Complaint.  Accordingly, no response is required to

this paragraph.   To the extent a response is required, Defendant denies the

allegations in Paragraph No. 9 of Plaintiff's Complaint.

## PARAGRAPH NO. 10:

If you were employed by an agency of the State of Georgia or unsuccessfully sought employment with a State agency, did you file a complaint against defendant(s) with the Georgia Commission on Equal Opportunity?

     \_\_\_\_\_Yes          ✓ No        \_\_\_\_\_ Not applicable, because I was not an employee of, or applicant with, a State agency.

If you checked "Yes," attach a copy of the complaint you filed with the Georgia Commission on Equal Opportunity and describe below what happened with it (i.e., the complaint was dismissed, there was a hearing before a special master, or there was an appeal to Superior Court):

_____

## ANSWER:

Upon information and belief, Defendant admits the allegations in Paragraph

No. 10 of Plaintiff's Complaint.

## PARAGRAPH NO. 11:

If you were employed by a Federal agency or unsuccessfully sought employment with a Federal agency, did you complete the administrative process established by that agency for persons alleging denial of equal employment opportunity?

     \_\_\_\_\_Yes          ✓ No        \_\_\_\_\_ Not applicable, because I was not an employee of, or applicant with, a Federal agency.

If you checked "Yes," describe below what happened in that administrative process:

_____

**ANSWER:**

Upon information and belief, Defendant admits the allegations in Paragraph No. 11 of Plaintiff's Complaint.

## Nature of the Case

**PARAGRAPH NO. 12:**

The conduct complained about in this lawsuit involves (check only those that apply):

| | |
|---|---|
| _____ | failure to hire me |
| _____ | failure to promote me |
| _____ | demotion |
| _____ | reduction in my wages |
| ✓ | working under terms and conditions of employment that differed from similarly situated employees |
| _____ | harassment |
| _____ | retaliation |
| ✓ | termination of my employment |
| _____ | failure to accommodate my disability |
| _____ | other (please specify) _____ |

**ANSWER:**

Defendant denies that it subjected Plaintiff to different working conditions from similarly situated employees and that it terminated Plaintiff's employment.

Defendant denies the remaining allegations in Paragraph No. 12 of Plaintiff's Complaint.

## PARAGRAPH NO. 13:

I believe that I was discriminated against because of (check only those that apply):

    ✓        my race or color, which is <u>African American</u>

_____        my religion, which is _____

    ✓        my sex (gender), which is \_\_\_\_\_ male  ✓ female

_____        my national origin, which is _____

_____        my age (my date of birth is _____

_____        my disability or perceived disability, which is: _____

_____r_____

_____        my opposition to a practice of my employer that I believe violated the federal anti-discrimination laws or my participation in an EEOC investigation

_____        other (please specify) _____

## ANSWER:

Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's beliefs, but denies that Plaintiff was discriminated against.  Defendant denies the allegations in Paragraph No. 13 of Plaintiff's Amended Complaint.

## PARAGRAPH NO. 14:

Write below, as clearly as possible, the essential facts of your claim(s).   Describe specifically the conduct that you believe was discriminatory or retaliatory and how each defendant was involved.  Include any facts which show that the actions you

are complaining about were discriminatory or retaliatory. Take time to organize your statements; you may use numbered paragraphs if you find that helpful. Do not make legal arguments or cite cases or statutes.

See Attached

3 typed pages

(Attach no more than five additional sheets if necessary; type or write legibly only on one side of a page.)

**ANSWER:**

Defendant denies the allegations in Paragraph No. 14 of Plaintiff's Complaint, as well as the allegations in the attachment to Plaintiff's Complaint, except as expressly admitted *infra*.

**PARAGRAPH NO. 15:**

Plaintiff         still works for defendant(s)

     ✓      no longer works for defendant(s) or was not hired

**ANSWER:**

Defendant admits that Plaintiff does not work for Defendant. Indeed, Defendant affirmatively states that Plaintiff never worked for Defendant. Defendant denies the remaining allegations in Paragraph No. 15 of Plaintiff's Complaint.

**PARAGRAPH NO. 16:**

If this is a disability-related claim, did defendant(s) deny a request for reasonable accommodation?       Yes    ✓   No

If you checked "Yes," please explain: _____

_____

## ANSWER:

Defendant admits the allegations in Paragraph No. 16 of Plaintiff's

Complaint.

## PARAGRAPH NO. 17:

If your case goes to trial, it will be heard by a judge <u>unless</u> you elect a jury trial.
Do you request a jury trial?         ✓    Yes_____ No

## ANSWER:

Defendant admits that Plaintiff requests a jury trial, but denies that any of

Plaintiff's claims are cognizable or that they should be adjudicated by a jury.

## Request for Relief

As relief from the allegations of discrimination and/or retaliation stated above,
plaintiff prays that the Court grant the following relief (check any that apply):

_____          Defendant(s) be directed to_____

_____

____✓____          Money damages (list amounts) 20,000_____

____✓____          Costs and fees involved in litigating this case

____✓____          Such other relief as may be appropriate

## ANSWER:

Defendant denies the allegations in the unnumbered paragraph of Plaintiff's

Amended Complaint entitled "Request for Relief."

### ANSWERS TO ATTACHMENT TO
### PLAINTIFF'S TITLE VII COMPLAINT[1]

**PARAGRAPH 1:**

I was hired by TFS Facility Services of Georgia at 4355 J Cobb Parkway suite 207 Atlanta, Georgia 30339. I was hired to work as a Steward Supervisor at the Intercontinental Buckhead 3315 Peachtree Rd NE Atlanta, Georgia 30326. I was told by Donna TFS management that I could not be hired for the position unless I changed my hair color. My hair color was a medium red. I was told by Donna TFS of management that Chef Didier Lailheugue would not allow any employees to work in the kitchen with colored hair. However after being employed there for about a month I noticed female employees with colored hair. There were 2 Latino woman with red and the other with blonde hair. There was also 1 African American female with green hair. About 2 weeks later the African American employee was told by steward supervisor Derik Lloyd that if she did not change her hair color she would be terminated. That employee chose to cover her head with a hat or scarf while working in order not to be fired. The Latino woman were allowed to where there hair colored while myself and other African American woman where not.

**ANSWER:**

Defendant admits that Plaintiff was an employee of TFS Facility Services ("TFS") of Georgia and that TFS assigned Plaintiff to work at the InterContinental Hotel Buckhead Atlanta as a Steward Supervisor.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's discussion with TFS employees.  Defendant denies the remaining allegations in Paragraph No. 1 of the attachment to Plaintiff's Complaint.

---

[1]     Defendant will refer to the allegations in the attachment to Plaintiff's Title VII Complaint as "Attachment to Plaintiff's Complaint."

**PARAGRAPH 2:**

During my employment there as a steward supervisor I was told by many African American employees that they felt the difference between how they were being treated as opposed to the way Latino employees were being treated. African American employees told me that they were always scheduled during night shift while Latino workers had the option of working various shifts. They told me that there work assignments always stayed the same and the work load seem to be more while Latino workers were asked to work other positions other than their normal routine.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 2 of the attachment to

Plaintiff's Complaint.

**PARAGRAPH 3:**

I reached out to Donna TFS Facility management and Derik Lloyd steward supervisor of Intercontinental Buckhead Atlanta to inform them of these issues that were brought to my attention. Ms. Donna and Derik Lloyd told me that when talking about employees that I should refer to white people as wonderful people and Latino people as lovely people and Black people as beautiful people. These were codes used so that no one would know who we were talking about. Ms. Donna and Derik Lloyd told me that the reason African American employees were treated different is because they don't work as fast and good as Latino workers. They said that African American workers always talked back and were always on their phones. They told me that Latino workers don't talk back and they do a better job than the African American workers. I asked Ms. Donna why were Latino female employees allowed to wear their hair colored while I and African American employees could not. She only replied with a yes and a shrug of the shoulders. None of the answers I was given by management set well with me but I continued to carry on with my assigned duties.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 3 of the attachment to

Plaintiff's Complaint.

**PARAGRAPH 4:**

After being there for about 1 month I noticed that about 70% of the Food and Beverage Department was made up of male employees. I was the only female manager in that department along with 4 male supervisors. While being employed there I was told by TFS Management Ms. Donna and Derik Lloyd that I was doing a great job and to keep up the good work. In my department there were 2 Latino male managers and 1 African American Supervisor and 1 Caucasian food and beverage Director. The Chef Didier Laiheugue I believe from France. I was the only African American woman in my department.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief about

the truth of the allegations concerning the demographic of TFS employees assigned

to work at the hotel.  Defendant denies the remaining allegations in Paragraph No.

4 of the attachment to Plaintiff's Complaint.

**PARAGRAPH 5:**

On my last day in December 2014 I was scheduled to work an evening shift along with the 2 Latino male managers that are brothers. One manager is a first shift manager and the other is a second shift manager. I was hired to assist in the Steward department when these 2 managers needed days off and to help with big events. On the day in December 2014 when I was terminated I was brought in to assist second shift manager with an event. I was also told that I needed to train 3 new employees as well as pass out checks. I was also told that I needed to get addresses and phone numbers and birthdates of all Latino employees because their files needed to be updated. On that evening I was also given a banquet sheet for an event that I had not been briefed on prior to coming in that night. I was told by

Derik Lloyd that I needed to a follow the banquet sheet. It was a busy night so the first thing I did was asked an employee had Quan the second shift Latino manager assigned them their evening duties and she said yes. I was told at the beginning of my employment that each manager's duty is soon as they arrive for their scheduled shift they should assign all employees their duties. It was Quans shift and I was told by an employee that Quan intact had filled out assignments to each employee. I carried on with the passing out of checks and training new employees and helping with event. However Chef Didier Laihegue sent me home that evening because he said no employees were assigned to retrieve dirty dishes from the back hallway after the event. I told him that it was Quans shift and I was told that he had all employees in their assigned positions but he still sent me home that night. I reached out to the Food and Beverage Departments Jason Duvalle and he assured me that I was not terminated and that he would set up a meeting on how I could improve as a supervisor. However the meeting never took place. I was never contacted by Mr. Duvalle and Ms. Donna of TFS Facilitys said that she was told that Chef Laiheque terminated me. I was terminated a week before Christmas and it put me in a financial bind. I was unable to by the gifts for my children and I have been suffering from depression and anxiety. I have been off work until April 2014. I am seeking monetary settlement for being terminated based on gender and race.

**ANSWER:**

Defendant admits that Plaintiff was scheduled to work a shift on December 5, 2014 and that she was placed in charge of an event that evening.  Defendant further admits that Chef Didier Lailheugue told Plaintiff that her services were no longer needed for that shift after he found her chatting in the kitchen instead of taking care of the event to which she was assigned.  Defendant denies that Chef Lailheugue or any other IHG employee terminated or had the authority to terminate Plaintiff's employment with TFS.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation that

Plaintiff's employment with TFS was terminated and the allegations regarding Plaintiff's discussion with TFS employees.   Defendant denies the remaining allegations in Paragraph No. 5 of the attachment to Plaintiff's Complaint.

<strong><u>AFFIRMATIVE DEFENSES</u></strong>

<strong><u>FIRST DEFENSE</u></strong>

To the extent Plaintiff's claims are based on acts or omissions that occurred prior to any applicable statute of limitations, Plaintiff's claims are time-barred.

<strong><u>SECOND DEFENSE</u></strong>

To the extent Plaintiff failed to exhaust her administrative remedies and/or failed to comply with any procedural prerequisites prior to bringing his claims, the Court lacks subject matter jurisdiction over such claims or such claims are otherwise barred.

<strong><u>THIRD DEFENSE</u></strong>

To the extent Plaintiff alleges that any of Defendant's employees acted in an improper or illegal manner, such conduct, if it occurred, was outside the course and scope of their employment, was not authorized, ratified, or condoned by Defendant, and was undertaken without the knowledge or consent of Defendant. Thus, Defendant is not liable for any such conduct, if it occurred.

## FOURTH DEFENSE

Plaintiff is not entitled to punitive damages because Defendant made good faith efforts to comply with the Title VII and all other applicable anti-discrimination laws.

## FIFTH DEFENSE

To the extent Plaintiff failed to mitigate her alleged damages, her recovery, if any, must be reduced accordingly.

## SIXTH DEFENSE

Defendant avers that even if some impermissible motive was a factor in any employment decision concerning Plaintiff, a claim that Defendant expressly denies, the same decision(s) would have been reached for legitimate business reasons.

## SEVENTH DEFENSE

Plaintiff's claims may be barred in full or in part by the doctrine of estoppel.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and correct promptly any behavior alleged to violate federal law, and because Plaintiff unreasonably failed to take advantage of

preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

WHEREFORE, Defendant respectfully requests that the Court dismiss with prejudice Plaintiff's Complaint in its entirety and award Defendant its reasonable attorneys' fees, costs, expenses, and any and all other relief the Court deems just and proper.

Respectfully submitted,

IHG MANAGEMENT (MARYLAND), LLC

By s/ Alex S. Drummond

Alex S. Drummond
Georgia Bar No. 231116
adrummond@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia 30309-3962
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

Date:  September 9, 2015.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

JULIE ANTIONETTE HARDY,   )
                                   )
      Plaintiff,           )
                                   )    Civil Action File No.
v.                               )    1:15-CV-1244-ELR-JSA
                                   )
INTERCONTINENTAL HOTEL   )
BUCKHEAD ATLANTA        )
                                 )
      Defendant.       )

## CERTIFICATE OF SERVICE

I certify that on September 9, 2015, I filed this **DEFENDANT'S ANSWER**

**AND AFFIRMATIVE DEFENSES** with the Clerk of Court using the CM/ECF

system, and that I mailed the foregoing, via US Mail, to the following:

> Ms. Julie Hardy
> 5390 Scofield Road
> College Park, Georgia 30349

> s/ Alex S. Drummond
> Counsel for Defendant
> Georgia Bar No. 231116